UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CONGRESS, THE REPUBLICAN PARTY, HOUSE OF REPRESENTATIVES, BILL CLINTON, BARACK OBAMA, DONALD TRUMP, GEORGE BUSH,<br><br>    Defendants. | No. 1:23-cv-01687-NODJ-SKO<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Chris J. Epperson, proceeding pro se and *in forma pauperis*, filed a complaint on December 5, 2023. (Doc. 1.) Upon reviewing the complaint, the Court concludes that it fails to state any cognizable claims.

    Plaintiff has the following options as to how to proceed. He may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district

judge, in which the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that an amendment may cure the complaint's deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

On the first page of the complaint, Plaintiff lists himself as the Plaintiff, and lists Bill Clinton, Barrack Obama [sic], Donald Trumph [sic] and George Bush as defendants. (Doc. 1 at 2-3). On page four of the complaint, Epperson lists Joseph Biden as a plaintiff and citizen of Montana and himself as a defendant and citizen of California. (Doc. 1 at 4). Plaintiff has also attached a Civil Cover Sheet to his complaint, listing the Republican Party as the Defendant with a County of Residence in New York. (*Id.*)

Plaintiff lists the basis for jurisdiction as both "Federal question" and "Diversity of citizenship." (Doc. 1 at 3).[1] On the Civil Cover Sheet, Plaintiff checked the box for "Federal Question" under "Basis for Jurisdiction." (Doc. 1-1). Plaintiff lists the following criminal statutes as relevant to this case: 18 U.S.C. § 793 (Gathering, Transmitting or Losing Defense Information); 18 U.S.C. § 794 (Gathering or Delivering Defense Information to Aid Foreign Government); 18 U.S.C. § 797 (Publication and Sale of Photographs of Defense Installations); 18 U.S.C. § 798 (Disclosure of Classified Information); 42 U.S.C. § 2274 (Communication of Restricted Data); 42 U.S.C. § 2275 (Receipt of Restricted Data); 42 U.S.C. § 2277 (Disclosure of Restricted Data); and 50 U.S.C. § 783 (Communication or Receipt of Classified Information). Plaintiff also checked the box for "Patent" under "Nature of Suit" on the Civil Cover Sheet, where he cites to "50 (2011)" as the relevant civil statute while describing the case as "Infriged Articles Conspiracy." (*Id.*).

Plaintiff provides the following statement of the claim: "September 24 1980, gun powder – plot of the Constitution laws had been violated by the action of the state legislature in 1961, November 30, 1963 Executive Order 11130." (Doc. 1 at 5). Plaintiff requests the following relief: "The 15th Section of the Judiciary Act of 1789, brought under the Constitution of the United States

---

[1] Plaintiff notes the amount in controversy exceeds $75,000 because "500,000,000 fiscal year," "The Production Act of 1950" and "Executive Order 10958."

where prohibition is against state laws impairing the obligation of contracts." (Doc. 1 at 6).

### III. DISCUSSION

For the reasons set forth below, the Court finds the complaint does not state any cognizable claims. Plaintiff will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.    Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions that plausibly give rise to an entitlement to relief. The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (cleaned up). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

**B.    Analysis**

Plaintiff's complaint is insufficient under Rule 8. A complaint is required to contain facts sufficient to demonstrate a defendant is liable for the alleged conduct (*Iqbal*, 556 U.S. at 678), and it must be written so a defendant can respond to the claims. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 673 F.3d 1047, 1059 (9th Cir. 2011).

Plaintiff neither lists any discernible factual allegations in the complaint, nor establishes how any defendant's actions violated Plaintiff's rights. Without any factual allegations, this Court cannot determine what Plaintiff alleges occurred and whether any of the listed defendants may be liable for such conduct. Courts are to construe pro se pleadings liberally, but "a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest."

*Perez v. Unknown*, No. CV 18-08535 ODW (AFM), 2018 WL 6025844, at *3 (C.D. Cal. Nov. 16, 2018) (citing *Brazil*, 66 F.3d at 199). Plaintiff has not done so here.

It is also unclear what rights Plaintiff seeks to vindicate. To the extent Plaintiff intends to bring claims under the criminal statutes listed in his complaint, such claims are also not cognizable. Plaintiff has provided no authority for a private right of action under the criminal statutes, and they generally do not confer such a right. *See, e.g.*, *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, *N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific federal criminal provisions "provide no basis for civil liability"). While Plaintiff checked a box on the Civil Cover Sheet indicating he intends to pursue a patent claim, he has failed to provide a relevant statute or allege any facts related to a patent claim. In sum, Plaintiff has failed to plead a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2)

The Court will grant Plaintiff leave to amend his complaint and set forth his claims more clearly. If Plaintiff elects to amend his complaint, he must state the legal basis for the claim and identify how the facts alleged support and show that the defendant committed the violation asserted as the legal basis for the claim. Fed. R. Civ. P. 8(a).

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so he can provide additional factual allegations and cure the pleading defects identified by the Court. *Lopez*, 203 F.3d at 1130; *Gillespie*, 629 F.2d at 640.

Plaintiff is granted leave to file an amended complaint within thirty days. He is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. The Second Amended Complaint must itself allege *all necessary facts* to support a claim for relief; the Court will not consider any previous

complaints in its review.  The amended complaint should be clearly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if he can allege facts sufficient to support a claim.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.

### IV.    ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    i. File a Second Amended Complaint;
    ii. Notify the Court in writing that he wishes to stand on this complaint; or
    iii. File a notice of voluntary dismissal.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:23-cv-01687-NODJ-SKO.  If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **January 18, 2024**             /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE