**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CONGRESS, THE REPUBLICAN PARTY, HOUSE OF REPRESENTATIVES, BILL CLINTON, BARACK OBAMA, DONALD TRUMP, GEORGE BUSH,<br><br>Defendants. | No. 1:23-cv-01687-KES-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff Chris J. Epperson, proceeding pro se and *in forma pauperis*, filed a complaint on December 5, 2023. (Doc. 1). Upon reviewing the complaint, the Court concluded that it failed to state any cognizable claims and granted Plaintiff the option to file a First Amended Complaint, to stand on his current complaint, or to file a notice of voluntary dismissal. (Doc. 9). Plaintiff subsequently filed a First Amended Complaint (Doc. 11) and various notices (Docs. 14, 15, 16)

related to the First Amended Complaint.[1] The Court concludes that the First Amended Complaint fails to state any cognizable claims and recommends dismissing it without leave to amend.

## I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that an amendment may cure the complaint's deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

**A.  First Amended Complaint**

On the first page of the First Amended Complaint, Plaintiff lists himself as the plaintiff and the "United States Congress, the Republican Party, and the House of Representatives" as the defendants. (Doc. 11 at 1). On pages two and three of the complaint, Plaintiff lists George W. Bush, Barack H. Obama, Richard M. Nixon, and Lyndon B. Johnson as the defendants. (Doc. 11

---

[1] One of the documents Plaintiff has filed is titled "Second Amended Complaint," though it only contains a copy of the journal article, "The Classified Information Procedures Act (CIPA) and Suspected Terrorists in Civilian Courts: Subject to the Most Exacting Demands of Justice?" The Court will interpret this as supplementary briefing for Plaintiff's First Amended Complaint.

2

at 2-3). Plaintiff has also attached a civil cover sheet to his complaint where he lists the United States Congress, the Republican Party, and the House of Representatives as the defendants. (Doc. 11-1 at 1). On page four, Plaintiff lists Vladimir Putin, a citizen of Moscow, Russia, as the defendant. (Doc. 11 at 40).

Plaintiff lists the basis for jurisdiction as both "Federal question" and "Diversity of citizenship." (Doc. 11 at 3). He identifies "Rev St. 5511.1978.1979,5510," "14 Stat. 27, Ch. 31," and "16 Stat. 140, Ch. 114" as the specific federal statutes at issue in the case. (Doc. 11 at 4). On the civil cover sheet, Plaintiff cites 50 U.S. (2011) as the relevant statute and describes the cause of action as "Seditious Conspiracy." (Doc. 11-1). Plaintiff also provided the following statement of the claim: "September 24, 1980 gun powder – plot of the Constitution laws had been violated by the actions of the state legislature in 1961. November 30, 1963 Executive Order 11130 assacination ploted character for figure of speech John F. Kennedy." (Doc. 11 at 5) (errors in original). Plaintiff states the amount in controversy exceeds $75,000 because "[t]he defendant owes in the amount at stake 500,000,000 fiscal year of The Production Act of 1950." (Doc. 11 at 5).

For relief, Plaintiff requests "[t]he 25th section of the Judiciary Act of 1789, brought under the Constitution of the United States. Where prohibition is against State laws impairing the obligation of contracts 500,000,000 fiscal year Executive Order 11478." (Doc. 11 at 6). He also notes the request in the complaint is a class action with a "400%" demand." (Doc. 11-1).

### III.   DISCUSSION

**A.   Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions that plausibly give rise to an entitlement to relief. The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v.*

*Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (cleaned up).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'").  A federal court cannot properly *sua sponte* dismiss an action commenced in forma pauperis if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33.  However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id*. at 32–33.  If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

**B.    Analysis**

Plaintiff's complaint is insufficient under Rule 8.  A complaint is required to contain facts

sufficient to demonstrate a defendant is liable for the alleged conduct (*Iqbal*, 556 U.S. at 678), and it must be written so a defendant can respond to the claims. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 673 F.3d 1047, 1059 (9th Cir. 2011). Plaintiff neither lists any discernible factual allegations in the complaint, nor establishes how any defendant's actions violated Plaintiff's rights. Without any discernible factual allegations, this Court cannot determine what Plaintiff alleges occurred and whether any of the listed defendants may be liable for such conduct. Courts are to construe pro se pleadings liberally, but "a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Perez v. Unknown*, No. CV 18-08535 ODW (AFM), 2018 WL 6025844, at *3 (C.D. Cal. Nov. 16, 2018) (citing *Brazil*, 66 F.3d at 199). Plaintiff has not done so here.

Plaintiff's complaint is generally incoherent. Plaintiff vaguely asserts his cause of action is related to the "assassination plot" of former President John F. Kennedy," and includes Vladimir Putin as a defendant. He appears to suggest various defendants, including deceased former presidents, have taken part in a seditious conspiracy, which amounts to a fanciful allegation. The Court has previously given Plaintiff the opportunity to amend his complaint, but he has yet to file a comprehensible complaint. Accordingly, Plaintiff's complaint should be dismissed. *See Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018), *appeal dismissed as frivolous*, No. 19-15011, 2019 WL 7425404 (9th Cir. Aug. 27, 2019) (dismissing the case with prejudice for lack of subject matter jurisdiction as "the only appropriate response" to "fanciful allegations" in complaint that "alleges the existence of a vast conspiracy bent on plaintiff's destruction"); *Ayres v. Obama*, Civil No. 13–00371 SOM/RLP, 2013 WL 5754953, at *2 (D. Hawai'i Oct. 22, 2013) (allegations that FBI implanted biochips in plaintiff and her family to turn them into "a living vegetable or a New World Order slave" were "so 'fantastic' and 'fanciful' as to be clearly baseless"); *Bivolarevic v. U.S. CIA*, No. C 09-4620 SBA, 2010 WL 890147, at *1–2 (N.D. Cal. Mar. 8, 2010) (court lacked jurisdiction over claims that CIA subjected plaintiff to "voice to skull technology" as a "mind control weapon").

### IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed, without leave to amend; and
2. The Clerk of the Court be instructed to close the case.

These findings and recommendation will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  **Within twenty-one (21) days after being served** with these findings and recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **April 3, 2024**                         /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE